This is case number 4-13-0261 in the matter of the application of Dennis Ballinger. Mr. Morthland, you are here on behalf of Mr. Ballinger. And Mr. Lee, you are here on behalf of the appellee. Mr. Morthland, you may proceed. May it please the court. Mr. Lee, my name is Mark Morthland. I'm here on behalf of Dennis Ballinger, who is also present in the court today. We have what I consider to be a very interesting case and a very interesting interpretation of the statute. Facts are very simple. Gertrude Jones owns some farm ground. Gertrude Jones died in 1946 leaving a will. In that will, she gives a life estate to Cecilia B. Jones, also known as Cecilia B. Klein, with a remainder to her grandchildren. That's exactly what the will says, to her grandchildren. It does not identify those grandchildren. So then, in 1984, Cecilia B. Jones passes away. She was the life tenant on that property. In her will, she leaves the property in question to one of her daughters. That's what the will states, and that was a probated estate. So then, in 2006, nobody pays the real estate taxes. My client, in 2007, purchases the certificate at the 2007 annual sale. Notices go out. He ends up with a order directing issuance of tax deed and order of possession and records that tax deed in June of 2011. Then we have a petition to vacate the tax deed filed by several different parties, including someone by the name of Nancy Jones. Those are basically the facts. Judge Carroll, in a letter ruling, grants a motion for summary judgment. In that letter ruling, in that letter order, he says that my interpretation of chapter 35 ILCS 200-22-45 subsection 4 is too restrictive. Now, there was no deed on file in the recorder's office evidencing that Nancy Jones or anybody else had an ownership interest in that property. So that's an important point. Basically, what Judge Carroll said was that the will on file in the circuit clerk's office amounted to another recorded interest. So now we have to jump to the statute. What does the statute say? 20-22-45 subparagraph 4 says, in relevant part, that if you're going to vacate a tax deed, you file a 1401 petition to vacate, and you're limited to what it says in 22-45. Subparagraph 4 says, proof by a person holding a recorded ownership interest or other recorded interest in the property that he or she was not named as a party in the publication notice, as set forth in section 2220, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with notices required by sections 2210 through 2230. So it's a two-prong test. If you, a 1401 petitioner, are going to avail yourself of subparagraph 4 of 22-45, you've got to prove to the court two things. One, you are an individual with a recorded ownership or other recorded interest. So now it boils down to the question, what did the legislature mean when they inserted into that section, their subsection, recorded ownership or other recorded interest? Of course, there's really not any case law interpreting that. And a review of the legislative history, there is none. So basically, we have kind of a case of first impression for the court. Common usage of that phrase. If you tell me, and we're law partners, and I say, hey, where are you going? I'm going to go down and record something. I know where you're going. If I say, hey, I'm going down to file something, I know you know where I'm going. Why is that? Because you file documents in the circuit clerk's office and you record documents in the recorder of deeds office. What if I wanted to file a marriage certificate from another state for some reason? Wouldn't I file it with the county clerk? Yeah, I guess you would file with the county clerk. I just thought of that. I understand your point, nonetheless. Maybe think about that for a minute. It's always been common usage that you record documents in the recorder's office. The legislature, if they wanted to under this provision, could have said, had a recorded ownership interest or other interest and left that word recorded out. But they inserted the word recorded in that subparagraph twice. Why? Because they intended on making sure that if you were going to avail yourself of that subparagraph four, that you have to have a recorded interest. And that recorded interest must appear of record in the recorder's office, not of record in the circuit clerk's office. The reason this is important is, one, that was the basis of granting the petitioner's motion for summary judgment. And it's the wrong basis in our opinion. What should have happened is, if these 1401 petitioners were to be successful, the only ground that's available for them under 22-45 is subparagraph three, which is proof by clear and convincing evidence that the tax deed had been procured by fraud or deception. But there were no allegations in the petition with regard to fraud. If you were Nancy Jones, or someone representing her interests here, if we were to agree with you in your claims in this case, what burden would we be placing upon her to somehow ensure that her ownership in this property was protected? I'm going to take a step back and try and answer that question. Step number one, whenever I do estate work and there's transfers of real estate, I record a deed. I record an executor's deed. And that puts the world on notice that that individual has an interest in that real estate. That was not done. Well, if you've inherited through a will... I still do. What about the notice of probate? I thought that's what gets filed when there's real estate that passes it in the state. File the notice of probate in the county clerk's office. Well, I don't know about the county clerk's office, but we have a duty to search records in the recorder's office of each and every county in which we purchase taxes and check the circuit clerk's office. I mean the recorder's office. There was no notice of probate of record in this particular case. Her name does not appear in the recorder's office. Her name appears once or twice in the circuit clerk's office, the Gertrude Jones probate estate, on some various documents that were filed, but it did not identify her as the granddaughter of Gertrude Jones. Had the will said, I'm leaving it to my grandchildren, comma, Nancy Jones, et cetera, would that have made the difference? Well, then it becomes a question of the second part of 22-45, subparagraph 4. Because you've got that you also have to establish that the certificate holder did not exercise due diligence in attempting to ascertain the names and addresses. That might be a good question. If her name appeared as granddaughter of Gertrude Jones, then we could argue didn't exercise due diligence. But you still haven't satisfied the first prong. What did the recorder's office show as to who owned this property? Gertrude Jones? My recollection is yes. I don't want to misstate. So Gertrude Jones is shown as the last deed holder, or whatever that means, in the recorder's office, and she's dead. So I suppose the question is, what burden does that put upon someone like your client to figure out, well, we know she's dead. Who now owns this stuff? Well, if you'll notice, Judge Carroll made much ado about the fact that my client had sent out take notices to a large number of people. Well, he did that because he wanted to get notice to everybody. And there may have been some people that ultimately did not have any ownership interest in the property that he attempted to serve. But because buried in the tombs of a 1946 probate file were a bunch of names. And in the 1984 probate file that he also looked at, there were a bunch of names. In particular, with regard to this piece of property, Cecilia Cline Jones, or Cecilia Jones Cline, tried to will that property to one of her children. So the research and the title work on that was very complicated. Well, for instance, I'm curious about William's affidavit that he had no ownership interest, but the tax bills were sent to him as a matter of convenience. What does that mean? What's going on there? That means that he is, on the assessment records and on the certificate, it shows that he is the assessee of record, which is relevant from the standpoint the 22-5 notice, the county clerk's notice, has to go to the assessee of record. So you deliver your take notice with a sufficient check to pay for the certified mailings, and you take that to the county clerk, and the county clerk mails that certified mailing out. So was he paying the taxes before they went into default? That I do not know, because we never got to the point of having an actual trial, because summary judgment was granted. But he was, apparently he says the tax bills were being sent to him as a matter of convenience. I guess the inference would be that he was the conduit, at a minimum, to be paying the tax bills. What are we talking about, by the way, how much is the tax on this property? Well, I can honestly state, Your Honor, I have no idea. And I don't mean any disrespect. What's the nature of the property? It's a farm ground. It's a what? Farm ground. How many acres? I'm not sure, and I'm honestly not sure. And the reason I'm smiling is because I, you know, that kind of stuff, to me, as the lawyer representing Mr. Ballinger, that doesn't mean anything to me. Okay. What I go in and do is I argue the law, and I really don't know how much he has in taxes on it. I just know that it was farm ground. I just refer to this case as the Douglas County Farm Ground case, and I was here, what, three months ago on the Morgan County Farm Ground case, but I have no idea. Was William Jones related to Nancy? You know what? Somewhere I have my, oh, here it is, right here. William Jones was a cousin of Nancy H. Jones. And Nancy lives in North Carolina? I'm not sure. Taylorville, I think. Taylorville. You're right. But then his affidavit says, I mean, it's kind of drafted in a way, it says no one ever contacted me regarding the ownership of the subject property. He doesn't say he doesn't know who owns it. He just says nobody's ever contacted me. Well, but isn't William Jones the one in his affidavit that said that he was the assessee of record? And we know that the assessee got a 22-5 notice, county clerk notice. So his affidavit, I guess, says no one contacted me personally, but does he dispute that he got a notice pursuant to being the assessee? I don't know if he ever disputed. That evidence was never introduced. Well, he was served with process, according to Judge Carroll's order. He says the one person they actually served with process, William Jones, who was not an owner of the land at the time, gave an affidavit to the effect that no one ever contacted me regarding the ownership of the subject property. I've lived in the immediate area my entire life. He doesn't say he doesn't know who owns the property, though. That's true. Well, if he's the, you know, I guess I'll ask Mr. Lee, but if someone is the designated SSC for a tax bill... We've got to serve them. Well, you're not only have to serve them, but I'm wondering, you know, how do you just, if you're that guy, just wash your hands if you get service? And say, I don't know anything about this, I just get the tax bill. Yeah. I don't understand that. No, nor do I. But your client prepared the affidavit for him to sign, right? No. Well, who? William Jones? Yeah. Who else would have prepared the affidavit for him? Mr. Lee. Which is why I'll be anxious to hear Mr. Lee's explanation about all this. So, to move on, we've got to anticipate from the previous case, the Morgan County Farm Ground case that I was here on, the constitutional arguments of not getting notice. A couple of points I want to bring up. First, that really wasn't covered at the trial court. And two, in an old, an older, I should say, fourth district appellate court case entitled First National Bank of Thomas Borough versus Russell Lockenmyer. Justice A.G. Weber III wrote in his opinion the Latin phrase, which I'm sure I'm going to mutilate right now, but it's post hoc ergo proctor hoc, which I believe means because of this, therefore that, which is an illogical fallacy not recognized in the law. We cannot stand here and say because Nancy Jones didn't get notice, ergo her constitutional rights have been violated. Her name and her identity as far as what relation she is, is buried in a 1946 probate file in Douglas County, Illinois. My client made a diligent, long, and thorough search of the records in the circuit clerk's office and in the recorder of deeds office. She did not appear anywhere in the recorder of deeds office. No document was recorded in the recorder of deeds office that would lead a reasonable person to believe that Nancy Jones had some sort of ownership interest or other recorded interest. What about Judge Carroll's point, though, that your client didn't go to the ASCS office? This is farm ground, and those types of offices have records of ownership. That's an issue that would be brought up if this matter went to trial, but we never got an opportunity. This is a summary judgment. This was summary judgment. There were a lot of facts, and I believe there were substantial and significant disputed material facts that we were never allowed to present. Well, you filed, there were cross motions for summary judgment. Yes. Yes. He filed first. Well, doesn't that have the effect of saying we both think this case can be decided and it was before you right now? Quite frankly, I filed my motion for summary cross motion for summary judgment based upon the fact that they should not be proceeding under 22-45 subparagraph 4 because they did not have a recorded ownership or other recorded interest, and that's a two-pronged test. They couldn't meet it as a matter of law. That's when he said, Mr. Morthland, your opinion of that subsection is too restrictive and that will on file, not recorded, on file in the circuit clerk's office amounts to an other recorded interest. Now, three cases I want to point out because everybody throws out the case of Devin Bank. Devin Bank's easy. They proceeded under subparagraph 4 of 22-45. Why? Because Devin Bank had a deed recorded in the reporter's office with Devin Bank's name as the grantee. That's a no-brainer. The petition to vacate should have been granted and was ultimately granted. Now, counsel, as well. Well, that goes back to my earlier question, Mr. Morthland. That is, if you were advising Nancy Jones or the Jones family or whoever, to how to protect their interests here, is that what you would have advised them to do as what happened in Devin Bank? Take whatever claim you have to be your ownership interest and file it in the recorder's office? Yes, in the recorder's office. Absolutely. Is that what you think is required? I believe to ultimately protect anybody's interest. The title to this particular real estate, as far as the recorder of deeds office is concerned, I don't want to mistake to this court, but there are no deeds on file evidencing ownership all the way back to possibly Gertrude Jones. But I can't be for sure about that. So as I've mentioned, what I do is if I'm representing an estate and there's a transfer or is to be a transfer even to the beneficiaries under the will, the executor signs an executor's deed to that beneficiary. And then I go take it down and record it so that I make sure I've put the world on notice. So the executor's deed would be a means of putting people on notice as to who the new owner is? Absolutely. Executor's deed, administrator's deed. So the fundamental aspect here of this case, if I understand it correctly, is this. You should be able to rely upon the recording under the statute as being recorded in the recorder's office. That's where real estate interests are recorded. You shouldn't have to go and check through to see if the last recorded owner, Gertrude Jones, has died, left the probate estate, and figure out what happened therefrom? Well, no. What I'm saying very basically is that under 22-45 subparagraph 4, which is what Judge Carroll based his granting of their motion for summary judgment, that in that situation, having your name listed in a probate file in the circuit clerk of Douglas to satisfy the two prongs that you have to prove to a judge. If we were to agree with you, what does other recorded interests mean? I can answer that. Okay. A classic example was a case cited by Mr. Lee in his reply brief. It was the Alvareto case. In Alvareto, I think it was brother and sister buy a piece of property. Then they each marry some other individual. They go take out a mortgage on that property. Bank requires that these two new spouses, who didn't buy the property, sign a mortgage. That mortgage is recorded in the recorder's office. Jose comes back later on after they didn't pay the taxes and the tax deed and everything, and he petitions to vacate based upon the fact that he had a The appellate court agreed and said the other recorded interest was that mortgage. But mortgages are recorded in the recorder's office, aren't they? That's exactly right. They're not filed in the circuit clerk's office. That's what I'm saying. The basis of the Alvareto decision was that Jose, who didn't get any notice, was not mentioned in the publication notice, had other recorded interests. That being the mortgage. Does that mean other than a deed? Right. Exactly. But it still has to be in the recorder's office? Yes. That's why they used the word recorded twice in that statute. The next case cited by Mr. Lee was the Ward case. Where was that filed? It involved a park, which was not governmentally owned, but dedicated to a subdivision. There was to be a homeowner's association established. In the recorder's office, there was a plaque of the subdivision and of the park. And there was a declaration of covenants recorded. None of the members of the association, the neighborhood people, got notice. Tax deed goes through, they didn't pay the taxes. Order to direct the issuance, recorded tax deed, petition to vacate. The appellate court said that that plaque and that declaration of covenants should have put a reasonable tax buyer on notice that these people had an ownership interest in that park. It was in the recorder's office? It was in the recorder's office. And they said that amounted to other recorded interests. Thank you, Mr. Morgan. Thank you very much. I apologize. Mr. Lee? Thank you. May it please the Court, Mr. Morthland. I believe, Your Honors, that this case, this tax case, as I think many tax cases, is really about notice. It's a question of notice. I think there's two notice issues here, really, that are distinct. One is the issue about Nancy Jones, who was named under the will of Gertrude Jones in a class gift that went to Gertrude's grandchildren. In that particular probate case, the gift was, the original gift was to Cecilia B. Jones, who was a daughter-in-law of Gertrude Jones. Her husband, George Jones, having passed away previously, he was the son of Gertrude. And so those grandchildren are identified because they were the heirs of George Jones. By name? Huh? By name? Nancy Jones? Not Nancy. To my grandchildren, comma, Nancy Jones, et cetera? No, Nancy wasn't identified by name. So just grandchildren? The will said the gift was to grandchildren. But in the probate case, William Jones, Georgiana Jones, and Joan Jones were all identified because they were the heirs of George Jones. So they were all identified by name because they were heirs at the time of Gertrude's death. Where were they identified by name? In the probate case, in the affidavit of heirship, and in the other probate documents they were identified because George Jones Of George Jones' estate? No, of Gertrude Jones' estate. George was deceased. He had pre-deceased Gertrude. So they were identified in the probate case. Nancy Jones was the only one that wasn't identified by name because the gift was a class gift to grandchildren. But as we indicated to the trial court in our arguments there,  would have led to the discovery of Nancy Jones without a great deal of difficulty because I'm a simple kind of guy. I'm looking for some guidance here. Mr. Morthman seems to be arguing, if I understand him correctly, that recording requires something to be filed in the recorder's office, recorder of deeds, mortgages, deeds, whatever, because that's where people who are concerned about interest in real property look. He says that if there's just something in the circuit clerk's office and we've got this estate and probate stuff, that's not good enough. Obviously, you're saying it is good enough. What case supports your position that if there's nothing on file in the recorder's office, that it's still good enough, he's got to go check probate estates? Well, I don't have a case I can cite to the court, Your Honor, but... We'd be the first to so hold? Well, I can't say that that's the case. Well, if you have no other case, I guess... I don't have one, but I'm not aware of one. We would be then the first to so hold that the guy who is looking for it to determine the ownership of this property can't just rely upon what's filed in the recorder of deeds office. I think that's true, yes, because... How is it that this is 2000, almost 14, no other court in the state of Illinois has previously held? I can't say, Your Honor, why that would be true. It's a little troubling, isn't it, counsel? Well, I don't know. I guess I don't find it particularly troubling. In searching real estate records, it's always been the case that records in the circuit clerk's office are checked. As a part of real estate transfers, I mean, probate records are routinely checked. When people pass away, typically, many times, there isn't something recorded in the recorder's office. That's not a requirement under the Probate Act. I thought it is now, with that notice of probate. So that if real estate transfers... A notice of probate is to be placed of record to indicate there was a probate proceeding. I don't believe, I don't believe, Your Honor, that that would have necessarily indicated by name who the particular persons were. It would have just said that there was a probate proceeding filed in a particular county, and a particular piece of real estate was affected by that probate proceeding, which would clearly require that somebody checking the record would have to check the probate file. Right. That's what I'm getting at. So it's filed in the recorder's office, the notice of probate. When real estate is transferred by will or... That's a requirement under the Probate Act. I'm not sure that that would have been the case in 1946. Yeah, I don't know. I don't know that that was true. I think that provision in the Probate Code is a fairly recent... Yeah, in the last 10 years. Yeah, a fairly recent vintage. Prior to that time, abstractors and other people checking records if they discovered a death would go and see if there was a probate case on file, or if a will had been filed in the circuit clerk's office under the statute to determine what the title to the real estate would be. So I think there's a whole class of people, and Judge Carroll, I think, recognized this in his ruling. There's a whole class of people out there who wouldn't have an interest that's recorded with a deed or something in the recorder's office. Not every interest in real estate is recorded in the recorder's office in the form of a deed or a similar instrument. Probate case records, there's devisees... But all the cases you cite in support of your position deal with something filed in the recorder's office, don't they? The cases I cite... Filed in the recorder's office? Yes, those things were filed in the recorder's office. It was one of those cases. You know, you talk about how, oh, you have to go and check probate cases. We're going to be the first to say you just can't rely upon an absence in the recorder's office? I don't think that's true, Judge. There was one of the cases I cited, and I don't recall which one it was now, where the court had said that a devisee had an interest sufficient to require notice. And I believe that was the Lake County... I think it was the Lake County case, the Muscat case, where one of the heirs there, Nikki Muscat-Hankins, had not received notice of the tax proceeding. And in that case, the court had said that a person who was a devisee in an estate would have an interest sufficient to require that they be given notice of a tax proceeding. I mean, that seems logical, Your Honor. A whole class of people receive interest in real estate as devisees under will. That happens all the time. Or as devisees through intestate probate proceedings. So it's not at all uncommon in checking real estate titles. Let me ask you another question that I raised earlier with Mr. Morthland. Williams' affidavit says he has no ownership interest in the property. Yes. But the tax bills were sent to him as a matter of convenience. What in the world does that mean? Well, the tax bills, Judge, were sent out, I believe, if I remember correctly, Cecily B. Klein Estate, Cliff Jones, in care of William Jones. That's how the tax bills were sent out. And that's how it's shown on the assessor's office as to whom to bill? I don't know that answer, Your Honor. When I made inquiries at the Douglas County Courthouse as to the, and I believe the phrase in the statute is, that the notice under 22-5 is to go to the person in whose name the property was last assessed according to the tax collector's warrant book. And I was told they didn't have a tax collector's warrant book. They didn't know what that was. And they couldn't tell me whose name would be in the tax collector's warrant book. But they're billing somebody for the tax. Well, they were billing it, but the fact of the matter is that bills go to lots of different people. I mean, they go to... Again, I'm kind of a simple guy with all this real estate tax. If I got a bill addressed to Robert Steigman for some farmland that I don't own and have no interest in, I suspect I'm either not going to pay it or I'm going to call somebody and say, I don't know why I'm getting this. I don't own it. And the idea that I'm taking the bill as a matter of convenience strikes me as most peculiar. I would have to know who the owner is and maybe I'm just a conduit for the actual owner. But then if I get this bill and if I get a notice served upon me, as happened in this case, shouldn't I be viewed as a conduit for that notice, just as I am a conduit for the tax bill? Well, I don't know exactly what happened, Your Honor. Why then shouldn't we reverse this summary judgment and send this back and say, there are lots of factual questions here and we're not sure what the hell's going on. You figure it out, Judge. Well, I don't think that's necessary here, Judge. The record shows that Mr. Jones, William Jones, did have an ownership interest at one time. It's clear that he's not a stranger to the real estate. Well, how is it then if he's not a stranger to the real estate? We're told, and Judge Carroll finds, that the notice William Jones gets, this not a stranger who's receiving the tax bills, isn't adequate. Well, I think it's not adequate, Your Honor, because when you give notice under the tax code, the notices that are required, I mean, other than 22-5, which has to go to the person who the property is assessed to, that's separate. But the other notices that are required, the code says, are to go to the owners, occupants, or other persons who are interested in the property. So clearly the people who are the current owners are required to get notice of the proceeding after that first notice is sent. So this is the Gertrude Jones estate, and here's William Jones, who's getting billed, and that's not good enough. Well, you have to go, if you're Mr. Morrison, you've got to check the probate file and find out that Gertrude's dead, and it says to her grandchildren, then you've got to find out who's that. But you can't serve William Jones the... Well, they served William Jones, but I'm saying But that's not sufficient. It's not sufficient. Because you have to serve the owners, and he wasn't an owner. So I think typically a title search, a normal title search would have disclosed who these people were. There wasn't a title search conducted as far as can be told from the record. There was never a title search. So for these tax deeds, you've got to have a title search done or it's not adequate? Well, I think that happens all the time. I mean, it's like anything else where you're dealing with real estate titles. You have a title search performed to determine who's interested in the property. Would it have mattered in this case if we had an actual trial and William Jones said, yeah, I got this bill and I told Nancy? I still don't think it would matter because she's entitled to notice. She's entitled to the notice, to the separate notice that's sent by the tax purchaser saying you're going to lose the property if you don't redeem it. That's what the notice essentially says. If you don't take the step of redeeming this property, then you're going to lose your title. Maybe a way to avoid this problem is to establish SSEs as a matter of convenience and then tell the guy who's trying to pursue a tax deed you try to figure it out. I'm sorry, I guess I'm not following. There is Charlie Smedley. He's the SSE or SSE for the tax deed as a matter of convenience and the assessor sends him bills and they wind up being paid. Mr. Morphin shows up and he sends him notice and he says, I don't know nothing, know how. That strikes me as a strange situation. It seems to me if he's a conduit for paying the tax, he should similarly be a conduit for notice to the owner. Especially if he's the only one who's recorded or is actually on the books as having an interest in this property. I don't think in this case William Jones's interest would meet what Mr. Morphin was saying. He didn't have a recorded interest in this property. The bills simply went to him. Now that's a strange concept. The bills simply went to him but he had no ownership interest. Doesn't that strike you as peculiar? No, not really. People can ask to have the bill sent to them for various reasons. Well then they're agents of the owner, like maybe a bank. A bank perhaps because of a mortgage or a trustee of a land trust might get the bills or sometimes a person who's an agent under a power of attorney may get the bills as the agent for the owner. Would that be good enough to provide notice? I still don't think it's enough for the other notice that's required in section 2210 because that section says the owners have to be given notice. Owners, occupants and persons interested in the property, all of those people have to be given notice. We're talking about a situation where in this case a real estate tax of maybe $400 to $600 had gone unpaid and if that isn't redeemed then 40 acres of farmland is going to be lost because of the nonpayment. So I think the reason the tax code goes to those links is to make every effort to protect the owners from losing their property. So these various people have to be notified. Perhaps one person isn't. They haven't been as careful as they should have been about seeing to the payment. But the other owners then can take steps to make sure that the taxes get paid. I don't know. Mr. Jones, I think in this case, Mr. Jones probably had originally received the bills because he was a part owner and he lived closest to the real estate. And he was the person that farmed it for a number of years. When he no longer had an ownership interest, I think he just continued to get the tax bills, as the affidavit indicates, as a matter of convenience. He was the person closest to the property. What did he do with the tax bills he received as a matter of convenience when he no longer had the property? I don't honestly know. Should that be of interest to us? I presume that either he was paying them on behalf of the owners or he was sending them on to somebody. You mean he's paying these tax bills out of the goodness of his heart? No, I'm not suggesting that, Judge. I'm saying he lived closest to the property. Perhaps he went ahead and paid the bills and then notified... Wouldn't it be significant if he was in touch with Nancy Jones and was receiving money from her or forwarding these bills to her, which she then paid? Wouldn't that be significant on this whole notice question? So she is the one who is claiming, gee, I knew nothing about this. Well, again, Judge, I don't know how... And wouldn't that be something which would come out if we were to render this back for a hearing and let's see what the evidence would show? Take the stand, Ms. Jones, and talk about it? Well, yes, I presume that's a fact that might come into evidence if there's a hearing. What if the evidence showed that, in fact, she had this conversation with Cousin William and she was told about the notice and just blew it off? Well, I still think, Your Honor, that, as I said, under 2210, those notices, the take notices, have to be sent to the owners to notify them of the current situation that the property taxes have gone unpaid, they've been purchased by a tax purchaser, and if they're not redeemed, then you're going to lose your property. I mean, just because you got the bill and maybe you thought somebody else was going to pay it and you didn't pay it or you got a copy of the bill... No, the notice, the tax deed notice was sent to William, wasn't it? He received notice of what... He received notice. Yes, but he's not an owner. He's not an owner. But if he were a conduit or viewed as the agent of the owner and he passed it on just like the trustee of the land trust, wouldn't that put the owner on notice, especially if she's here complaining in a 214-01 proceeding years later? Well, I think that I still think that she would have to be served separately. There would have to be proof of service on her as an owner, not through some other party. Because that's not a reliable... It may well be the case that he did pass the notice on. He got it in the mail and he just... How about a bank acting as a power of attorney getting the tax bill? If they got this same notice pursuing a tax deed, could they just sit on it or would they be expected to turn it over to the owner? And if they did, would that be sufficient? I don't know. I'm not aware of a case like that. I don't know that it would be sufficient. I think the owner would have to be served with the notice. That's what the statute says. The owner is entitled to notice. Now, maybe through an agent, if there was an actual agent. There's no suggestion here that there was any agency. I don't think that Mr. Jones, William Jones was an agent. Well, there's a pretty strong inference if Jones is getting the tax bill as William and they've been paid in the past. He's the designated guy. There's a pretty strong inference he knows the owner and is in contact with the owner. The evidence might show, in fact, here, Nancy, you better take a look at this. The evidence, I think, was that there were several owners. I don't know who he was in contact with. I don't know. His son was one of the owners. Clifford Jones was one of the owners. So, perhaps, maybe he passed something on to Clifford. I don't know. Clifford was one of the people named on the tax bill as a party who was, I presume, one of the assessees because the two parties named on the tax bill were Clifford Jones and the Cecily B. Klein estate. They were listed on the tax bill? Yes. The tax bill went to... And did Clifford Jones get a notice? No, he did not. He was not served with a notice. The notices that were to go to him came back unserved. None of the owners of the property ever received a notice directly, I'm saying. Now, whether some notice might have been passed on through William Jones, I don't know, but none of them were ever served with a notice through the proceeding. All of the notices came back unserved that were to the owners. Okay. Thank you, Mr. Lee. Mr. Morton, any rebuttal? I just want to make two points. Really, I'm not here arguing notice, although I want to comment. 35 ILCS 200-22-20 is the publication notice under the revenue statute. Three quarters of the way down, it says, if the owners and parties interested in the property upon diligent inquiry are unknown to the purchaser or his or her assignee, the publication as to such owner or party interested may be made to unknown owners and parties interested. That was done in this case. So, what about Clifford Jones? Or Clifford Jones? An attempt was made to serve Clifford Jones. In fact, Mr. Lee commented that an attempt was made to serve him with the take notice. Why wasn't it successful? That I don't know because there was no trial, no evidence presented to establish why. So, he attempted to serve him? Isn't there evidence on the record that the address that was used had borne no relationship to where he was? Where he was, we don't really know if he had lived at one point in time at that address that the take notice was directed to. We just know that from an affidavit, he didn't live there at that present time. The key point that I want to stress one more time is you file a 1401 petition to vacate a tax deed, you must tailor it to the foreground set out in 22-45. In this particular case, Nancy Jones petitioned under subparagraph 4 of 22-45. Subparagraph 4 imposes a duty upon her. She has to prove that 1. She held a recorded ownership or other recorded interest and that she was not named in the publication notice. First thing, she can't prove she didn't have a recorded interest. 2. Was she named in the publication notice? No. But she didn't have a recorded interest. It's a two-fold thing. Clifford had a recorded interest? No. But you tried to serve him. Because I think that his name appeared on the assessment record and so we tried to serve him. So right there, and then the second thing is the due diligence issue. But right there, Judge Carroll granted a motion for summary judgment for erroneous reasons. What I'm asking this court is to reverse it saying subparagraph 4 of 22-45 was not a basis for granting a motion for summary judgment. Summary judgment reversed. Cause remanded for trial. Let me ask you the flip side of what Judge Steigman asked about cases. Do you have a case that says recorded interest means for purposes of tax deeds that which is recorded in the recorder of deeds office? And of course, then how does that change when we lose all our recorder of deeds offices? I guess that doesn't matter. They'll just be subsumed by county clerks. But is there a case I think your point might be there doesn't need to be a case because the language is so clear. But is there a case that says that? Yes. Peripherally. In the Alvarado case we hold that any interest sufficient to require notice under sections 2310 and 2315 of the property tax code can qualify as an other recorded interest if the tax purchaser can discover the interest by reasonable inference from the properly recorded instruments reflected in the public record of title, a.k.a. the recorder's office. What about this Muscat case? That's dealing with notice. And at this point in time quite frankly, Your Honor we're here because Judge Carroll granted this motion for summary judgment and vacated the tax deed based upon paragraph 4. We didn't even get a chance really to argue notice. I spent my time in the trial court saying Judge, you can't do what you're about to do because Nancy Jones doesn't have a recorded interest or other recorded ownership or other recorded interest in this. Don't go down that road. The only ground she can vacate this tax deed is by fraud. That my client somehow committed fraud not getting notice of all these people. And he disagreed. But you said public record of title. And wouldn't a public record of title be included in the circuit court's office probate files? A public record of title? I think what this court is trying to say is recorder's office because in the Alvarado case, again, there was a mortgage on file, or not on file recorded in the recorder's office and that mortgage had Jose's name on it. What about the title abstracts or title search that Mr. Lee referred to? Isn't it true that if you do a title search that you're going to go through probate files? I believe so, yes. I don't do title searches. But isn't his point then a good one that the same requirement of what a title search would be for purposes of determining ownership if you wanted to buy the property would be essentially if you're required to go through the circuit court's files. If you want to pursue a tax deed, you should be required to do the same thing? Well, yes. But let me back up and say that we're interpreting a statute, which I know the court does all the time. This statute is very specific and unambiguous. It says recorded ownership or other recorded. If they took out that second recorded and just said or other interest in the property, then I think that directs the tax purchaser to look through every office in the courthouse. You're taking recording as a term of art? What if it said filed as opposed to recorded? If it said filed, well we know we file documents in the county clerk's office and we file documents in the circuit clerk's office. But this statute says you vacate the tax deed if they got a recorded interest and you didn't exercise due diligence. What if it was an unnamed grandchild? When you raise a dude, what happens if I don't pay my taxes and a tax purchaser comes in and I'm still alive but I have a will? Are we going to impose a duty upon him to get my will, make sure that First I'd like to know if you died. Yeah, if you're alive, why do we care? But I could die in the interim and that means the beneficiaries under the terms of my will would get the property. Do we stretch the duty to they've got to notify my kids and grandkids? I don't know. How unreasonable is that? You can be divested of property without ever having a clue and nobody would have Thank you very much. We'll take this matter under advisement and be in recess.